# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

IN RE:                                                Case No.: 6:24-bk-03281-GER
                                                                                                       Chapter 13

Fabian Pourrain,

        Debtor.

_____/

## CASAL PROPERTY INVESTMENTS, LLC MOTION FOR RELIEF FROM AUTOMATIC STAY

> **NOTICE OF OPPORTUNITY TO**
> **OBJECT AND REQUEST FOR HEARING**
>
> **Pursuant to Local Rule 2002-4, the Court will consider this motion, objection, or other matter without further notice or hearing unless a party in interest files a response within 21 days from the date set forth on the proof of service attached to this paper plus an additional three days for service. If you object to the relief requested in this paper, you must file your response with the Clerk of the Court at 400 W. Washington Street, Suite 5100, Orlando, FL 32801, and serve a copy on the movants' attorney, Nishad Khan, Nishad Khan, PL, 1303 N. Orange Avenue, FL 32804, and any other appropriate persons with in the time allowed.**
>
> **If you file and serve a response within the time permitted, the Court may schedule and notify you of a hearing, or the Court may consider the response and may grant or deny the relief requested without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.**

COMES NOW, CASAL PROPERTY INVESTMENTS, LLC, Landlord/Movant, by and through his undersigned counsel, as and for this Motion for Relief from the Automatic Stay, and in support thereof states as follows:

1. The Court has jurisdiction over this matter pursuant to 11 U.S.C. § 362, Rule 4001(a), of the Federal Rules of Bankruptcy Procedure, and the various other applicable provisions of the United States Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and the laws of the United States of America.

2. This Motion is in regards to the lease of commercial real property located at 7653 Narcoossee Road, Suite D, Orlando, Florida 32822 (the "Leased Property"), by Debtor, Fabian Pourrain, BMI Motors, Inc., and guaranteed by Olga Andriyanova.

3. The Debtor's rights under the lease were terminated by Movant due to default based on non-payment of rent.

**EVICTION ACTION AND PREVIOUS BANKRUPTCY FILING**

4. Debtor was served with a Florida Statutory Notice to Pay Rent or Deliver Possession on or about September 12, 2023. No payments were made by Debtor, and as such, the Lease was Terminated by operation of law.

5. Prior to the filing of Debtor's Bankruptcy petition, Movant filed an eviction action in the Circuit Court in and for Orange County, Florida, bearing case number 2023-CA-015459-O (the "Eviction Action").

6. Debtor was served with a Five-Day Summons for Commercial Eviction, via posting on the premises, on October 25, 2023. The Summons required BMI Motors to deposit the past due rent, as alleged in the complaint, with the Clerk of Court or be subject to a Default without further notice.

7. The Five days to comply with the Summons expired on November 1, 2023.

8. The next day, on November 02, 2023, Fabian Pourrain, on behalf of BMI Motors, Inc. filed a voluntary petition for Chapter 11 Bankruptcy relief, in the Middle District of Florida, Bankruptcy Division, Case No. 6:23-bk-04659.

9. During the entire pendency of the BMI Motors, Inc.'s bankruptcy case, neither Debtor, Fabian Pourrain, nor BMI Motors, Inc. paid any rent for the use and possession of the Leased Property.

10. On June 4, 2024, Judge Lori V. Vaughan entered an Order Granting Debtor's Motion to Voluntary Dismiss Chapter 11 Case, filed by BMI Motors, Inc.

11. On June 5, 2024, Judge Lori V. Vaughan issued an Order Granting Creditor, Casal Property Investments, LLC's, Amended Motion for Relief from Automatic Stay, allowing Casal Property to pursue in rem relief with respect to the Leased Property. Such order required a 14 day stay period, which expired on June 19, 2024.

12. Subsequently, Casal Property filed in the Eviction Action necessary motions to secure a Judicial Default and Final Judgment for Possession, which was entered by Judge A. James Craner on June 26, 2024.

13. On June 27, 2024, Casal Property submitted a Writ of Possession to the Orange County Clerk of Court for issuance in the Eviction Action. That same day, Fabian Pourrain, on behalf of himself and BMI Motors filed a *pro se* Motion to Stay the Writ of Possession, and then the next day, filed a Suggestion of Bankruptcy as it relates to this case.[1]

14. On July 1, 2024, Judge A. James Craner entered an order in the Circuit Court Case Denying the Motion to Stay the Writ of Possession, pending appeal of the Judgment by BMI Motors.

15. The instant bankruptcy filing is just the latest stall tactic used by Pourrain to delay the inevitable eviction of himself and BMI Motors, Inc., from the Leased Premises.

16. In the BMI Motors, Inc., bankruptcy case, Pourrain and BMI Motors claimed they intended to "assume the unexpired non-residential real property lease with Casal Investments, LLC, with any cure amount satisfied over a period of nine (9) months from the Effective Date."

---

[1] BMI Motors, Inc., through counsel, Debi Rumph, Esq.,, filed several pleadings in the Eviction Action challenging the Motions filed by Movant. Debi Rumph, Esq., then immediately filed a Motion to Withdraw as counsel. Since that time, Pourrain has filed pro se motions on behalf of BMI Motors, Inc. Under Florida Law, as a corporation, BMI Motors, Inc. is prohibited from acting in any action without being represented by counsel.

Joint Plan of Reorganization for BMI Motors, Inc. and CABA Investements, LLC, filed 01/31/2024. They also claimed to have a plan to sublease the Leased Premises to generate sufficient income to achieve this. Such plans ended up unsuccessful and led to BMI Motors filing a voluntary dismissal of the Chapter 11 Case.

17. Casal Property is not able to pursue issuance of, and service of, the Writ of Possession, due to the Automatic Stay entered herein.

18. Upon granting relief from the Automatic Stay, Movant will be seeking only *in rem* relief for possession of the rental premises as to Debtor. Prior to initiating the Eviction Action, the Debtor was routinely tardy on making rental payments, or missed payments altogether.

19. Movant seeks relief from the automatic stay in order to proceed with the Eviction Action in the absence of timely lease payments.

**PRIOR HISTORY**

20. The history of these parties is relevant for review of this matter.

21. BMI MOTORS, INC., a Florida corporation ("Tenant"), has been administratively dissolved by the Florida Division of Corporations.

22. Casal Properties, as Landlord, and Fabian Pourrain and BMI Motors, Inc., as tenants, entered into that written lease signed on August 15, 2020, for a rental term of 180 months, (the "Lease"). A true and correct copy of the Lease is attached hereto and incorporated herein as **Exhibit "A".**

23. The Lease was signed on behalf BMI Motors, Inc. by Fabian Pourrain, as President, for the Defendant, and Individually.

24. Debtor breached the lease by failing to make timely payments thereto.

25. As a result, the Parties reached a First Amendment to the lease on June 23, 2022

(the "First Amendment"), whereby the parties agreed to the past due balance owed by Defendants to be paid in $ 1,000.00 payments, monthly, over the following 38.5 months, beginning September 20, 2022. A true and correct copy of the First Amendment is attached hereto and incorporated herein as **Exhibit "B".**

26. The First Amendment was signed by Fabian Pourrain, personally and for BMI Motors, Inc. as tenant.

27. After execution of the First Amendment, Defendant again became delinquent on the payment of rent and additional rent and fees due under the lease.

28. The Parties reached a Second Amendment to Commercial Lease Agreement on June 1, 2023 (the "Second Amendment"), whereby the parties agreed that the Lessee shall pay the sum of $ 222,000.00 per year in consecutive equal monthly payments, in advance, in the amount of $ 18,500.00 per year in Base Rent in the initial term, thereafter increasing at the rate of 2.5% per year. A true and correct copy of the Second Amendment is attached hereto and incorporated herein as **Exhibit "C".**

29. The Second Amendment was signed by Fabian Pourrain, as president of BMI Motors, Inc., and Individually.

30. Contemporaneous with the signing of the Second Amendment, the Parties also executed a Promissory Note[2], a Security Agreement, and a Settlement Agreement.

31. The Settlement Agreement was entered into by the Casal Property Investments, Inc., and BMI Motors, Inc., and Fabian Pourrain, on June 1 ,2023 (the "Settlement Agreement"), and sets forth that the amount due to Plaintiff is $ 202,328.36, which shall be repaid pursuant to a Promissory Note. A true and correct copy of the Settlement Agreement is attached hereto and

incorporated herein as **Exhibit "D".**

32. The Promissory Note requires, that commencing June 1, 2023, Defendants were to pay the principal balance of $ 202,328.36, in the form of $ 3,635.58 monthly payments for the term of sixty (60) months, at the rate of 3% per annum (the "Promissory Note"). A true and correct copy of the Promissory Note is attached hereto and incorporated herein as **Exhibit "E".**

33. The Promissory Note was made by Fabian Pourrain, Olga Adriyanova, and BMI Motors, Inc., as Makers, and is signed by Fabian Pourrain Individually and as President of BMI Motors, Inc., and Olga Adriyanova, Individually.

34. The Security Agreement was entered into with Fabian Pourrain, Olga Andriyanova, and BMI Motors, Inc, on June 1, 2023 (the "Security Agreement"). A true and correct copy of the Security Agreement is attached hereto and incorporated herein as **Exhibit "F".**

35. The Security Agreement granted Plaintiff a lien on and security interest in the Collateral identified in the Security Agreement.

36. Debtor was to begin payments of the past due lease amounts in June 2023, continuing over the next 60 months. Debtor defaulted on the lease, and the promissory note, July 1, 2023.

37. Landlord has not received rent for the commercial premises for 12 months, not including the prior rental periods that were part of the Settlement Agreement.

38. The Movant's interest in the subject Leased Property is being significantly jeopardized by Debtor's failure to make regular and agreed upon rental payments under the terms of the subject lease agreement while the Movant is prohibited from pursuing lawful remedies to protect such interest.

39. Upon information and belief, the Debtor is not present at the premises on a regular basis, and is not diligently operating its business in the premises.

40. Movant respectfully requests that the Court grant it relief from the automatic stay in this case pursuant to 11 U.S.C. § 362(d)(1) and (f), for cause, namely the lack of adequate protection to Movant of its interest in the subject property as the owner and in order to prevent irreparable damage to the Leased Property. The Movant further requests the relief from stay pursuant to 11 U.S.C. § 362(b)(10) and § 541(b)(2), because, due to Movant having terminated the Debtor's rights under the lease, the Debtor no longer has rights of a lessee and thus the lease cannot be considered property of the estate. Furthermore, Movant is in danger of loss of the Leased Property as Debtor has remained in possession of it for more than 12 months without making a single rental payment, owing Landlord more than $ 222,000.00 in base rent for a 12 month period. Landlord has been both excluded from the possession of the property and has failed to receive rent for Debtors exclusive use and possession of the same, with .

41. Pursuant to 11 U.S.C. § 362(e), Movant hereby requests that in the event a hearing is necessary, that said hearing be held within thirty (30) days.

WHEREFORE, CASAL PROPERTY INVESTMENTS, LLC, Landlord/Movant, respectfully requests that the automatic stay be lifted so that it may be permitted to protect its interest in the Leased Property currently occupied by the Debtors outside of the bankruptcy forum, that in the event that a hearing is necessary on this Motion that it be held within thirty (30) days, and for such further relief as the Court may deem just and proper.

Respectfully submitted, this 3rd day of July, 2024:

/s/ Nishad Khan
Nishad Khan
Florida Bar No. 10062
NISHAD KHAN P.L.

1303 N. Orange Avenue  
Orlando, Florida  32804  
Telephone:     (407) 228-9711  
Facsimile:     (407) 228-9713  
Service E-mail: pleadings@nishadkhanlaw.com  
Corresp. E-mail: nak@nishadkhanlaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Motion for Relief from the Automatic Stay was served electronically or via U.S. Mail, first-class postage prepaid to:

Rachel M. Alvarez  
The Alvarez Law Firm, P.A.  
1035 S. Semoran Boulevard, Suite 1021F  
Winter Park, Florida 32792  
*Counsel for Debtor*

Laurie K. Weatherford  
Post Office Box 3450  
Winter Park, FL 32790  
*Trustee*

Office of the United States Trustee  
Goerge C. Young Federal Building  
400 West Washington Street, Suite 1100  
Orlando, Florida 32801  
*U.S. Trustee- ORL*

Fabian Pourrain  
8962 Lower Carrel Circle  
Orlando, Florida 32827  
*Debtor*

Internal Revenue Service  
PO Box 7346  
Philadelphia, PA 19101  
*Creditor*

Orange County Tax Collector  
PO Box 545100  
Orlando, FL 32854  
*Creditor*

Bridgecrest Credit Company LLC as agent and Servicer for Carvana, LLC  
Department AIS Portfolio Services, LLC  
Account ending 0601  
4515 N. Santa Fe Ave. Dept. APS  
Oklahoma City, OK 73118  
*Creditor*

Florida Department of Revenue  
Bankruptcy Unit  
PO Box 6668  
Tallahassee, FL 32314  
*Creditor*

Dated: July 3, 2024

                                              /s/ Nishad Khan
                                              Nishad Khan
                                              Florida Bar No. 10062